# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BETTY TURNEY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　　　Defendant. | Case No: CIV-17-285-R<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, the Plaintiff, Betty Turney, and for her cause of action against Defendant, Metropolitan Life Insurance Company, alleges and states as follows:

1.　Betty Turney is a resident of Tulsa, Tulsa County, Oklahoma. Ms. Turney is a citizen of the State of Oklahoma.

2.　Defendant, Mid-Continent Casualty Company, (hereinafter "Mid-Continent") is a foreign corporation incorporated and domiciled in the State of Ohio. It maintains its principal place of business in Tulsa, Oklahoma, is authorized to transact business within the State of Oklahoma and may be served with process through its designated service agent, identified as John Doak, Oklahoma Insurance Commissioner, 5 Corporate Plaza, Suite 100, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

3.　The amount involved is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

4. Based on the foregoing, this Court has jurisdiction over these parties and the subject matter and venue is proper herein.

5. At all times material hereto the Plaintiff was insured under a MetLife Long-Term Care insurance policy, policy number 999580077.

6. Defendant, Metropolitan Life Insurance Company sold an individual long term care insurance policy to Betty Turney effective February 13, 2002. This insurance policy was in force at all times material hereto.

7. Plaintiff Betty Turney became chronically ill and incurred expenses for care and treatment and timely and properly made claim to Defendant for policy benefits and met all conditions precedent for payment of the policy benefits.

8. Defendant breached its contract with Plaintiff by refusing to pay policy benefits and by improperly asserting exclusions from coverage.

9. In its handling of Plaintiff's claims, and as a matter of routine business practice in handling like claims under these policies, the Defendant breached the policy contract and breached its duty to deal fairly and act in good faith towards the Plaintiff by:

    a. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that she was entitled to those benefits;

    b. failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

    c. withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

    d. refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or applicable law;

    e. refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

    f. refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

    g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

    h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

    i. forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

    j. failing to properly evaluate any investigation that was performed;

    k. handling claims and providing benefits in a manner that is inconsistent with the policy language and promises made to the insured at the time of issuance of the policy; and,

    l. intentionally processing claims with conduct the Defendant knows is different than the benefits, claims service, and coverage that the Defendant promises and represents to their insured;

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

    10. As a proximate result of Defendant's acts and omissions described above, Plaintiff has suffered the loss of the policy coverage, physical bodily

injury, mental and emotional distress, financial hardship, and other incidental and consequential damages.

11. Defendant has been guilty of reckless disregard for the rights of others or has acted intentionally and with malice entitling Plaintiff to recover punitive damages. Defendant's conduct as set out above was and is life threatening to humans.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, Metropolitan Life Insurance Company, in an amount in excess of $75,000.00 actual damages and an amount in excess of $75,000.00 punitive damages with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

**MANSELL, ENGEL & COLE**

s/Mark A. Engel
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102
T: (405) 232-4100 ** F: (405) 232-4140
E-mail: mec@meclaw.net

ATTORNEYS FOR PLAINTIFF